IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES ERIC LOFTEN | § | |
| VS. | § | CIVIL ACTION NO.   1:05cv765 |
| UNITED STATES GOVERNMENT, ET AL. | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Eric Loften, an inmate confined at the McConnell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court heretofore ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.  The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge.  The magistrate judge recommends dismissing the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence.  Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the court concludes the objections are without merit.  In addition to the claims asserted in his petition, petitioner states that he is also challenging his 1991 convictions in cause numbers 58,049 and 57,365. Petitioner contends that his claims are not barred by the statute of limitations because they are based on the recent

Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296, 125 S. Ct. 2531 (2004).  Petitioner contends that the statute of limitations began to run when the rights set forth in *Blakely* were first recognized, not when his conviction became final.  However, as the decision in *Blakely* does not apply retroactively to cases on collateral review, the period of limitations began to run when the petitioner's conviction became final.  *See Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005).  Thus, petitioner's claims concerning his convictions in cause numbers 58,049 and 57,365 are barred by the statute of limitations.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

So **ORDERED** and **SIGNED** this **6**   day of **January, 2006.**

_____
Ron Clark, United States District Judge